OF THE STATE OF ARKANSAS. **535**

TERM, 1861.] Harris, Wormley & Co. vs. Redman, surv.

HARRIS, WORMLEY & Co. vs. REDMAN, SURV.

Action of assumpsit for money had and received—proof of receipt of the money, and detailed statement of facts showing its payment—verdict approved and judgment affirmed.

*Error to Jackson Circuit Court.*

Hon. WM. R. CAIN Circuit Judge.

ROSE, for the appellant.

STILLWELL & WOODRUFF, for appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was assumpsit for money had and received, etc., brought by Harris, Wormley & Co., of Memphis, Tennessee, against Parmenius H. Redman, surviving partner of the late firm of P. H. Redman & Co., of Jacksonport, in this State, composed of Redman and Daniel P. Wilbanks.

The bill of particulars filed by the plaintiffs is as follows:

" P. H. REDMAN, as surviving partner, etc.,
       To HARRIS, WORMLEY & Co.,    *Dr.*
To amount of money received by P. H. Redman & Co.,
  in or about December, 1853, from us, which you were
  to have invested in cotton for us, which was not done
  by you, and for which you have not made any account
  to us, and which still remains due, which sum is······ $500."
The suit was commenced 7th November, 1854.

The defendant pleaded non-assumpsit, payment, limitation and set-off.

The verdict was against the plaintiffs, they moved for a new trial on the grounds that the court erred in the admission of certain papers offered in evidence by the defendant, and that the verdict was contrary to evidence.

The plaintiffs proved that they had made an agreement with P. H. Redman & Co., by which they were to furnish them with money, and they were to purchase cotton and ship it to the plaintiffs, for a commission of 50 cents per bale.

The plaintiffs also proved by W. P. Brooks that, on the 21st December, 1853, they delivered to P. H. Redman & Co., by the hands of Silas Daugherty, $500 in gold, and that, on the same day, S. S. Carey deposited with them $300, on account of plaintiffs, and took a receipt therefor. The plaintiffs did not prove that they ever furnished them with any more money.

The defendant, after reading in evidence several letters of plaintiffs acknowledging shipments of cotton, etc., read also in evidence the following letter:

"MEMPHIS, May 23d, 1854.

Mr. P. H. REDMAN,
       Jacksonport, Ark.,

   *Dear Sir:*

We enclose you sales of the 2 bls. cotton you sent us; the quality was very bad; net proceeds to your credit $51 66. We also enclose account current, balance due us $438 24. This sum includes the $300 which we wrote you about. Mr. Carey gave us your receipt for $300, as received of him for our act. and we did not know how you had disposed of it. We are now closing our old business, and wish all of our accounts adjusted as early as we can. We will be obliged to you to send us by packet the 138 24, and advise us how the $300 was disposed of, that you gave us the receipt for.

       Very respectfully,

              HARRIS, WORMLEY & CO."

Defendant having proved that in the spring of the year 1854, J. H. McManus was a steamboat captain on White river, acting as a common carrier between Jacksonport and Memphis, and

that the following receipt was in his hand-writing, was permitted to read it as evidence, against the objection of the plaintiffs:

" Received of P. H. Redman for acc. Messrs. Harris, Wormley & Co., of Memphis, one hundred and thirty eight 24-100 dollars ($138 24).   May 30, 1854.

J. H. McMANUS."

The defendant also read in evidence the following receipt, after proving it to be in the hand-writing of the plaintiffs:

" Harris, Wormley & Co. received of J. C. McManus the following described money, belonging to the late firm of P. H. Redman & Co., as payment on the note of P. H. Redman & Co. of $309, viz:

| | | |
|---|---:|---:|
| New Orleans Bank notes | $200 | |
| Gold, American | 80 | |
| One Dubloon | 15 | 60 |
| Exchange, 1 pr. ct | 2 | 95 |
| Bank note, Tennessee | 10 | |
| Silver change | | 45 |
| | $309 | 00 |

Memphis, July 14, 1854.

HARRIS, WORMLEY & CO."

The defendant also produced the following note, and, after proving it to be in his hand-writing, was permitted to read it as evidence against the objection of the plaintiffs:

" MEMPHIS, June the 19th, 1854.

One day after date I promise to pay to Harris, Wormley & Co., or order, three hundred and nine dollars for value received.

P. H. REDMAN & CO."

The defendant also produced the following receipt, and, after proving it to be in the hand-writing of his deceased partner, was permitted by the court to read it in evidence, against the objection of the plaintiffs:

" $300. Received of S. S. Carey three hundred dollars, to be

placed to the credit of Harris, Wormley & Co. This Dec. 16th, 1853.

P. H. REDMAN & CO."

Thus it appears that the plaintiffs stated in their letter of 23d May, 1854, about five months after they deposited with P. H. Redman & Co. the $500 and $300, as proven by Brooks, that the balance due them was $438 24, which included the $300 deposited through Carey.

The defendant attempted to prove, by the papers copied above, and we think the attempt was successful, that he had paid the balance so claimed to be due by the plaintiffs.

The plaintiffs requested P. H. Redman & Co., in the letter just referred to, to send them $138 24, *by packet*, without naming any particular boat.

It appears that about seven days after, the defendant delivered that sum to McManus, the captain of a steamboat running between Jacksonport and Memphis, for the plaintiffs. There is no proof that the boat was unsafe, or the captain irresponsible, nor indeed is there any pretence that the plaintiffs did not receive the money.

That the note read in evidence by the defendant, dated 19th June, 1854, was given for the $300 deposited by Carey, with $9 interest, there is little room to doubt. That it had been in the possession of the plaintiffs, is shown by their receipt to J. C. McManus; and that it had been paid was proven by the same receipt and by the production of the note by defendant; and that the sum deposited by Carey had been settled, was also shown by the production by defendant of the certificate of deposit given to him, which the plaintiffs referred to in their letter as having been delivered to them by Carey. It is true that there is a discrepancy between the date of the receipt, and the testimony of Brooks as to the time Carey made the deposit — the receipt bears date 16th December, 1853, and Brooks says the money was deposited 21st December, 1853· But there is no evidence that plaintiffs ever made any other

deposit through Carey, and Brooks may have been mistaken as to the day on which the deposit was made, or the receipt may have been antedated for some reason or other.

The plaintiffs introduced no evidence tending to prove that they were mistaken when they stated, in their letter of 23d May, 1854, that the balance due them at that time by P. H. Redman & Co., was only $438 24.

The court permitted the defendant to introduce in evidence, against the objection of plaintiffs, some receipts, drafts, etc., relating to moneyed transactions between P. H. Redman & Co. and the witness Brooks, which appear to us to have been irrelevant to the matters in issue, and inadmissible, but we do not see how their admission could possibly have prejudiced the plaintiffs, for the jury could not, we think, have found otherwise than they did upon the evidence properly admitted before them, unless they had found a balance in favor of the defendant, under his plea of set-off, upon letters of plaintiffs stating the sums that were to his credit for shipments of cotton, and upon other evidence as to the commissions, etc., he was entitled to for purchasing the cotton, etc.

The judgment of the court below, overruling the motion for new trial, appearing to be right upon the whole record, it must be affirmed.